United States District Court
Southern District of Texas
**ENTERED**
April 23, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LLOYD JERMAINE JAMES, JR., § <br> § <br> Plaintiff, § <br> VS. § <br> § <br> CHAWNTAYA C. WRIGHT, § <br> § <br> Defendant. § | CIVIL ACTION NO. 4:17-CV-3405 |

## ORDER

Pending before the Court is the Defendant Chawntaya C. Wright's (the "Defendant") Motion to Dismiss (Doc. No. 15). The Plaintiff Lloyd Jermaine James, Jr. (the "Plaintiff") responded (Doc. No. 16) and filed a "supplemental response" (Doc. No. 17). Having considered the motion, briefing, and applicable law, the Court grants the motion.

The Plaintiff filed this case pro se in district court in Maryland in October of 2017. It was then transferred to this Court. Subsequently, no parties appeared at two Scheduling Conferences held in front of the magistrate in April of 2018 and February of 2019. Further, there was no proof of service on file with the Court. On September 20, 2019, the Court ordered the Plaintiff to file proof that he had effected service upon the Defendant 30 days from the order. (Doc. No. 11). The Plaintiff did not file such proof within the allotted time. On February 9, 2021, the Court ordered that the Plaintiff show cause as to why the case should not have been dismissed under Rule 41(b). (Doc. No. 12). On February 24, 2021, the Plaintiff filed with the Court proof of service on the Defendant and a response to the order contending that the Defendant had eluded service and explaining that he had been unable to find an attorney to represent him in his case. (Doc. No. 14).

The Defendant has now filed a motion to dismiss based on Rule 4(m) of the Federal Rules of Civil Procedure. Rule 4(m) provides:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff-- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The earliest that the Defendant was served in this case was February 20, 2021. (Doc. No. 14 at 5). This is more than three years after the 90-day period provided by Rule 4(m) would have expired, so the Court *must* dismiss the action without prejudice unless the Plaintiff shows good cause for the failure. Fed. R. Civ. P. 4(m).

The Plaintiff, now represented by counsel, argues that his earlier pro se status coupled with his difficulty in ascertaining the Defendant's address constitute good cause for the delay.[1] "Pro se status does not excuse a litigant's complete failure to effect service." *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990). Further, the Plaintiff's declaration states that he "did at least five on-line searches" between 2017 and 2021 to find the Defendant's address. (Doc. No. 16 at 4). Five searches over almost four years does not indicate diligence and does not sufficiently explain the more-than-three-year delay. Moreover, the Plaintiff never moved the Court for an extension of time as he was entitled to do under Rule 4(m) if he was having difficulty effecting service. The Plaintiff has not shown good cause for his failure to comply with Rule 4(m). Accordingly, the Court is obligated to dismiss this case.

This case is hereby DISMISSED WITHOUT PREJUDICE.

Signed at Houston, Texas, this 23rd day of April, 2021.

Andrew S. Hanen
United States District Judge

---

[1] The Plaintiff also argued that the Defendant failed to comply with Local Rule 7.1.D, which requires a party to include a certificate of conference indicating whether the motion is opposed or unopposed. While the Plaintiff is correct, it was safe for the Defendant to assume that the Plaintiff would be opposed to his case being dismissed.